# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| OLIVER JAMES SPARKS,<br>    ID #2106068,<br>        Petitioner,<br>vs.<br><br>STATE OF TEXAS,<br>        Respondent. | )<br>)<br>)<br>)  No. 3:18-CV-1101-G (BH)<br>)<br>)  Referred to U.S. Magistrate Judge<br>) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Petition for Extension of Time to Submit Habeas Corpus Writ in Cause No. 1446099D,* received April 30, 2018 (doc. 3). Based on the relevant findings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

### I. BACKGROUND

Oliver James Sparks (Petitioner) is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He was convicted of aggravated robbery in Cause No. 1446099D in Tarrant County, Texas, on December 8, 2016, and he was sentenced to 50 years' confinement. *See* https://offender.tdcj.texas.gov (search for petitioner). The judgment was affirmed on appeal. *See Sparks v. State*, No. 08-17-00025-CR, 2018 WL 1516990 (Tex. App. – El Paso Mar. 28, 2018). He did not file a petition for discretionary review, and the Texas Court of Criminal Appeals has not ruled on any state habeas application. *See* www.txcourts.gov (search for petitioner).

### II. JURISDICTION

Petitioner seeks an extension of time to file a state habeas application under Texas Code of

Criminal Procedure art. 11.07. State habeas applications must be filed in state court. *See* art. 11.07, § 3(b) ("[a]n application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained"). A federal district court does not have jurisdiction to consider a state habeas application under art. 11.07 or a motion for extension of time to file one.

Petitioner's filing is not construed as a federal habeas petition under 28 U.S.C. § 2254 because it does not present grounds for relief (*see* Rules Governing Section 2254 Cases in the United States District Courts Rule 2(c)(1)), and he has not exhausted his state remedies before seeking federal habeas relief by presenting the factual and legal basis of any claim to the Texas Court of Criminal Appeals in a petition for discretionary review or a state application for writ of habeas corpus. *See* 28 U.S.C. § 2254(b); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The filing is also not construed as a motion for extension of time to file a § 2254 habeas petition because a federal court lacks jurisdiction to consider a matter regarding a § 2254 habeas petition until such a petition is actually filed. *See United States v. McFarland*, 125 F. App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [habeas] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory'") (quoting *United States v. Leon*, 203 F.3d 162,163 (2d Cir. 2000)); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 at *1 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]") (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction

2

must present a justiciable case or controversy. *Gray*, 2008 WL 5385010 at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted)). A ruling on a motion for an extension of time to file a § 2254 petition would require an advance determination of whether statutory tolling would apply in determining the timeliness of a federal habeas petition. Without the filing of a § 2254 petition, this Court lacks subject matter jurisdiction to grant such relief on a motion for extension of time to file a § 2254 petition.

### III.  RECOMMENDATION

This action based on Petitioner's motion (doc. 3) should be **DISMISSED** for lack of jurisdiction.

**SIGNED** on this 2nd day of May, 2018.

                */s/ Irma Carrillo Ramirez*
                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                */s/ Irma Carrillo Ramirez*
                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE

4